UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

MEGHAN FLEMING,

        Plaintiff,       CIVIL NO.: _____

v.

                                       **COMPLAINT**

WINDHAM PROFESSIONALS, INC.,

                              **JURY TRIAL DEMANDED**

        Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Meghan Fleming (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Windham Professionals, Inc. (hereinafter "Defendant"), is a law firm operating from an address of 380 Main Street, Salem, NH 03079 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to June 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. Upon information and belief, at the end of July 2010, Defendant left a message on Plaintiff's cell phone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated, "Meghan, this is Deidra calling from Windham Professionals, very important that you contact my office upon receiving this message, I can be reached at 800-230-6074, extension 2277."

9. On July 28, 2010, Plaintiff received a telephone call from Defendant at work in an attempt to collect a debt.

10. Plaintiff asked not to be contacted by Defendant at work anymore as her employer did not allow personal calls at work.

11. Later that day, Defendant left another message on Plaintiff's cell phone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated, "Meghan, this is Deidra calling from Windham Professionals, I spoke with you early to… earlier today when you were at your job, it's very important that you do contact my office upon receiving this message, I can be reached at 800-230-6074, …extension 2277, very important that you do contact my office, more… thank you."

12. Despite knowing that Plaintiff requested not to be contacted at work, on July 29, 2010, Defendant's debt collection agent again contacted Plaintiff at work.

13. Defendant left a message on Plaintiff's work telephone, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. The message stated, "Hello Meghan, this is Deidra calling from Windham Professionals, we spoke briefly yesterday, uhm… I… you asked me to call you back, and I'm not able to get a hold of you at this time, uhm… if you do want to get this taken care of in a voluntary matter, you do need to contact my office within 24 hours, I… we'll be here tonight until 10 p.m. and I can be reached at 800-230-6074, my direct extension is 2277, thank you."

14. On August 4, 2010, Defendant's debt collection agent again contacted Plaintiff at work.

15. Defendant's debt collection agent stated, "We're going to start garnishing your wages if you don't talk to us."

16. The conduct of Defendant in failing to communicate that Defendant is a debt collector and attempting to collect a debt, contacting consumer at place of employment when the collector knows that the employer prohibits such communications, using any false representation or deceptive means to collect a debt or obtain information about a consumer and threatening to take any action that cannot legally be taken or that is not intended to be taken are a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(3), 1692d, 1692e, 1692e(5), 1692e(11) and 1692f amongst others.

## Respondeat Superior Liability

17. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

18. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

20. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiff.

*Summary*

21. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

23. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

28. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

29. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

30. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: October 19, 2010

 s/ Mark L. Vavreck                                   .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220